# EXHIBIT C1

Electronically Submitted
8/27/2021 12:08 PM
Gregg County District Clerk
By: Debbie Kinney, deputy

CAUSE NO. 2021-1533-A

| | | |
|---|---|---|
| BRANDY WADY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | GREGG COUNTY, TEXAS |
| | § | |
| | § | |
| U.S. XPRESS, INC. | § | |
| AND TE'AIRE E. CURLS | § | 188th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, BRANDY WADY, hereinafter called Plaintiff, complaining of U.S. XPRESS, INC. and TE'AIRE E. CURLS, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

II.

Venue is proper in Gregg County pursuant to Chapter 15, Texas Civil Practice and Remedies Code in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

**PARTIES AND SERVICE**

III.

Plaintiff, BRANDY WADY, resides in Gladewater, Texas. The last three digits of Plaintiff's driver's license number are 050. The last three digits of Plaintiff's social security number are 744.

Defendant, U.S. XPRESS, INC., is a corporation organized under the laws of the State of Nevada, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136, by certified mail, return receipt requested, issued by the District Clerk of Gregg County, Texas.

Defendant, TE'AIRE E. CURLS, resides at 1240 N. Boston, Tulsa, Oklahoma 74106, and may be served with process at this address or wherever he may be found.

**FACTS AND CAUSES OF ACTION**

IV.

At approximately 7:20 a.m. on July 8, 2021, Plaintiff was operating a 2019 Nissan Altima, and was stopped at a red light, behind Defendant, TE'AIRE E. CURLS, in the 100 block of Silver Falls Road in Longview, Texas. Defendant, TE'AIRE E. CURLS, was operating a tractor owned and/or leased by Defendant, U.S. XPRESS, INC., and towing a trailer owned and/or leased by Defendant, U.S. XPRESS, INC., while in the course and scope of employment with Defendant, U.S. XPRESS, INC., and was traveling on Silver Falls Road, ahead of Plaintiff, in Longview, Texas. Suddenly and without warning, Defendant, TE'AIRE E. CURLS, backed when unsafe and failed to control the speed of the tractor/trailer rig and

struck Plaintiff's vehicle, subjecting the Plaintiff to tremendous force.

V.

Defendant, TE'AIRE E. CURLS, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.415 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

    (a) An operator may not back the vehicle unless the movement can be made safely and without interference with other traffic.

2. Failing to keep a proper lookout;
3. Failing to timely apply brakes;
4. Failing to control the vehicle;
5. Failing to act and/or respond in a reasonable manner; and
6. Failing to control the speed of the vehicle.

Defendant TE'AIRE E. CURLS's conduct on the occasion in question violated 545.415 of Vernon's Texas Statutes and Codes Annotated, Texas Transportation Code, by Defendant, TE'AIRE E. CURLS, backing his vehicle when such movement could not be made safely and without interference with other traffic. Defendant, TE'AIRE E. CURLS, failed to back with safety, as would have been necessary to avoid colliding with Plaintiff's vehicle while Plaintiff was traveling on Silver Falls Road, in compliance with law and the duty of each person to use due care.

Plaintiff is a member of the class of persons Section 545.415 of the Texas Transportation Code was designed to protect.

The foregoing acts of negligence and negligence per se by Defendant, TE'AIRE E. CURLS, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to Plaintiff.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendant, U.S. XPRESS, INC., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendant, U.S. XPRESS, INC.'s independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, TE'AIRE E. CURLS;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VII.

At the time and on the occasion in question, and immediately prior thereto, Defendant, U.S. XPRESS, INC., was guilty of negligent entrustment and knew or should have known that

Defendant, TE'AIRE E. CURLS, was a negligent and reckless driver.

VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

IX.

Defendant, U.S. XPRESS, INC., is liable for the damages proximately caused to Plaintiff by the conduct of Defendant, TE'AIRE E. CURLS, in that Defendant, U.S. XPRESS, INC., was the employer of Defendant, TE'AIRE E. CURLS, on the date that Defendant, TE'AIRE E. CURLS, negligently injured Plaintiff, as alleged above, and Defendant, TE'AIRE E. CURLS, was acting within the course and scope of that employment when that injury occurred or Defendant, U.S. XPRESS, INC., had the right to control the activities of Defendant, TE'AIRE E. CURLS.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or

omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

### DAMAGES FOR PLAINTIFF

### XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be suffered in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Disfigurement in the past;

J.  Disfigurement which, in reasonable probability, will be suffered in the future;

K.  Loss of earnings in the past;

L.  Loss of earning capacity which, in reasonable probability, will be incurred in the future;

M.  Exemplary damages.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

## XII.

Plaintiff has also suffered damages to her 2019 Nissan Altima as a result of this accident and Defendants' negligence and Plaintiff should be reimbursed for those damages as well as for the loss of use of her motor vehicle, along with any other property damage sustained in the accident.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone: (903) 843-2544
Facsimile: (903) 843-2026
E-Serve: goudarziyoung@goudarzi-young.com

By: _____
Brent Goudarzi
State Bar No. 00798218
Marty Young
State Bar No. 24010502

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Happney on behalf of J. Goudarzi
Bar No. 00798218
shappney@goudarzi-young.com
Envelope ID: 56728425
Status as of 8/27/2021 2:45 PM CST

Associated Case Party: BrandyWady

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brent Goudarzi | | goudarziyoung@goudarzi-young.com | 8/27/2021 12:08:49 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shannon Happney | | shappney@goudarzi-young.com | 8/27/2021 12:08:49 PM | SENT |